IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOARDS OF TRUSTEES OF THE WESTERN PENNSYLVANIA ELECTRICAL EMPLOYEES PENSION, INSURANCE TRUST, DEFERRED COMPENSATION and WAGE & FRINGE FUNDS, and THE NATIONAL ELECTRIC BENEFIT FUND, | ) ) ) ) ) ) ) ) Civil Action No. 17- |
| | ) |
| Plaintiffs, | ) ) |
| vs. | ) **THIS DOCUMENT WAS** ) **ELECTRONICALLY FILED** |
| EXTREME ELECTRIC, INC., DEAN J. PARASOLICK, individually, KATHERINE PARASOLICK, individually, and DEBBIE A. WRIGHT, individually, | ) ) ) ) ) |
| | ) |
| Defendants. | ) ) ) ) |

## COMPLAINT

Plaintiffs, the Boards of Trustees ( the "Trustees") of the Western Pennsylvania Electrical Employees Pension, Insurance Trust, Deferred Compensation and Wage & Fringe Funds, and the National Electric Benefit Fund (collectively, the "Benefit Funds"), by their counsel, Meyer, Unkovic & Scott LLP, hereby file the within Complaint, of which the following is a statement:

1.      This action is brought by the fiduciaries of various multiemployer plans to compel a payroll audit of a contributing employer to determine whether it is making proper benefit contributions under the terms of the relevant collective bargaining agreements, trust agreements, and plan documents, to recover all delinquent employee benefit contributions determined to be

due, and to restore all plan losses resulting from the actions taken by the contributing employer's officers.

2.      This Court has jurisdiction of this action under Section 502(e)(1) of the Employee Retirement Income Security Act of 1974 (as amended) ("ERISA"), 29 U.S.C. §§1132(e)(1).

3.      The Trustees of the Benefit Funds are the administrators and the named fiduciaries of the Benefit Funds, as those terms are defined in Sections 3(16)(A) and 402(a)(2) of ERISA, 29 USC §§ 1002(16)(A), 1102(a)(2).

4.      The Trustees also serve as a collection agent for the National Electric Benefit Fund.

5.      The Benefit Funds are multiemployer employee benefit plans as those terms are defined by Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).  The Benefit Funds are established and maintained according to the provisions of various plan documents and trust agreements and are provided for in the collective bargaining agreements (collectively, the "CBA") between the International Brotherhood of Electrical Workers Local Union No. 5 (the "Union") and the Defendants.  The Benefit Funds are administered by the Trustees at 5 Hot Metal Street, Suite 200, Pittsburgh, Allegheny County, Pennsylvania 15203.

6.      Defendant Extreme Electric, Inc. ("Extreme Electric"), is a corporation existing under the laws of the Commonwealth of Pennsylvania, with a business address at 1341 Beach Drive, Monongahela, Washington County, Pennsylvania  15063.   Extreme Electric transacts business in Pennsylvania as an electrical contractor or subcontractor.

7.      Defendant Dean J. Parasolick ("D. Parasolick"), is an adult individual and resident of the Commonwealth of Pennsylvania.   Upon information and belief, D. Parasolick is the President of Extreme Electric.

8.      Defendant Katherine Parasolick ("K. Parasolick"), is an adult individual and resident of the Commonwealth of Pennsylvania.  Upon information and belief, K. Parasolick is the Vice-President of Extreme Electric.

9.      Defendant Debbie A. Wright ("D. Wright"), is an adult individual and resident of the Commonwealth of Pennsylvania.  Upon information and belief, D. Wright is the Treasurer of Extreme Electric.   Defendants D. Parasolick, K. Parasolick and D. Wright are hereinafter collectively referred to as the "Officer Defendants."

10.     Venue in this Court is proper under Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), because the Benefit Funds are administered in this judicial district and because Defendants have failed to report and make employee benefit contributions in this judicial district. Venue in this Court is also proper under 28 U.S.C. §1391(b) as the actions of Defendants complained of herein either occurred within this judicial district and/or had their intended effects within this judicial district.

11.     At all times relevant herein, Extreme Electric has been bound by the CBA with the Union, which establishes the terms and conditions of employment for Extreme Electric's employees, including Extreme Electric's obligation to make employee benefit contributions to the Benefit Funds on behalf of its employees.

12.     The CBA and the Benefit Funds' trust agreements:  establish rules regarding the collection of contributions owed to the Benefit Funds; authorize the Trustees to conduct various employer payroll audits; and obligate employers, including Extreme Electric, to provide a bond or other adequate security to guaranty payment of future contributions.

13.     The Benefit Funds are third party beneficiaries of the CBA.

14. ERISA, the CBA with the Union, and the Benefit Funds' trust agreements authorize the Trustees to conduct payroll audits of contributing employers and require employers, including Extreme Electric, to cooperate at all times during the audit.

15. Section 6.01 of the CBA provides that employer contributions to the Benefit Funds must be reported and paid within fifteen days of the end of the calendar month in which covered employment was performed. Reports must be filed each month regardless of whether covered employment was performed in the prior calendar month.

16. Extreme Electric's benefit contribution reports for the work months of May, June, July, August and September, 2017, were due on June 15, July 15, August 15, September 15, and October 15, 2017, respectively.

17. Despite demands for the same, Extreme Electric's reports for the work months of May 2017 through September 2017 remain outstanding.

18. Extreme Electric owes the Benefit Funds employee contributions for the work months of May 2017 through September 2017 in a currently undetermined amount.

## COUNT I – TO COMPEL AUDIT PURSUANT TO SECTION 502(a)(3) OF ERISA

19. The Trustees incorporate the allegations above in paragraphs 1 through 18.

20. Section 502(a)(3) of ERISA authorizes a fiduciary of an employee benefit plan to bring a civil action to enjoin any act violating the terms of the plan. 29 U.S.C. §1132(a)(3).

21. The Benefit Funds' plan documents, including the trust agreements and Extreme Electric's CBA with the Union, authorize the Trustees to conduct an audit of Extreme Electric's payroll records.

22. The Trustees demand that a payroll audit of Extreme Electric be conducted to determine the amount of employee benefit contributions owed for the work months of May 2017 through September 2017, and other periods deemed relevant by the Trustees.

WHEREFORE, Plaintiffs pray for judgment as follows:

A. Awarding injunctive relief in favor of the Trustees and the Benefit Funds, requiring Extreme Electric, Inc. to fully cooperate with the payroll audit as directed by the Trustees, which cooperation shall include producing all records required by the Trustees' auditor to complete the payroll audit;

B. Awarding the Benefit Funds' reasonable attorney's fees and costs of this action, including auditor's fees and expenses, as provided by Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1); and

C. For such further appropriate relief as the Court may deem equitable.

## COUNT II – TO COMPEL AUDIT AND TO RECOVER DELINQUENT CONTRIBUTIONS PURSUANT TO SECTIONS 502(a)(3) AND 515 OF ERISA

23. The Trustees incorporate the allegations above in paragraphs 1 through 22.

24. Section 502(a)(3) of ERISA authorizes a fiduciary of an employee benefit plan to bring a civil action to enjoin any act violating any provision of Title I of ERISA. 29 U.S.C. §1132(a)(3).

25. Section 515 of ERISA requires employers obligated to make employee benefit contributions pursuant to the terms of a collective bargaining agreement to do so in accordance with the terms and conditions of the plan or the collective bargaining agreement. 29 U.S.C. §1145.

26. By failing to submit contribution reports and contributions for the work months of May, June, July, August and September, 2017, Extreme Electric has failed to make contributions to the Benefit Funds in accordance with the Benefit Funds' terms and the CBA.

27.     Extreme Electric has employed individuals to perform work covered by the CBA with the Union but has failed to make the required contributions to the Benefit Funds.

28.     Extreme Electric has refused, and continues to refuse, to make employee benefit contributions in accordance with the terms of the Benefit Funds' trust agreements and the CBA with the Union.

29.     Extreme Electric is in violation of Section 515 of ERISA, 29 U.S.C. § 1145.

WHEREFORE, Plaintiffs pray for judgment as follows:

A.      Awarding injunctive relief in favor of the Trustees and the Benefit Funds, requiring Extreme Electric, Inc. to fully cooperate with the payroll audit as directed by the Trustees, which cooperation shall include producing all records required by the Trustees' auditor to complete the payroll audit;

B.      Awarding the Benefit Funds all unpaid contributions owed by Extreme Electric, Inc. to be determined after completion of the payroll audit, as provided by Section 502(g)(2)(A) of ERISA, 29 U.S.C. § 1132(g)(2)(A);

C.      Awarding the Benefit Funds interest on all unpaid contributions owed by Extreme Electric, Inc., determined by the Benefit Funds' plan documents, trust agreements, and/or the Union's CBA, as provided by Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

D.      Awarding the Benefit Funds an amount equal to the greater of (i) the interest on the unpaid contributions, or (ii) liquidated damages determined by the Benefit Funds' plan documents, trust agreements, and/or the Union's CBA, not to exceed 20%, as provided by Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C);

E.      Awarding the Benefit Funds' reasonable attorney's fees and costs of this action, including auditor's fees and expenses, as provided by Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

F.      For such further appropriate relief as the Court may deem equitable.

## COUNT III – TO REMEDY A BREACH OF FIDUCIARY DUTY
### UNDER SECTIONS 404, 409 AND 502(a)(3) OF ERISA

30.     The Trustees incorporate the allegations above in paragraphs 1 through 29.

31.     Section 404 of ERISA, 29 U.S.C. § 1104, provides that fiduciaries of employee benefit plans have a duty to act prudently and solely for the exclusive purpose of providing benefits to plan participants and beneficiaries.

32.     Section 409 of ERISA, 29 U.S.C. § 1109, provides that fiduciaries that breach a fiduciary duty or any responsibility or obligation under Section 404 of ERISA are personally liable to make good to the plan such losses that result from the breach.

33.     ERISA provides that an individual that exercises discretion over plan assets is a fiduciary.

34.     The Benefit Funds' trust agreements provide that no contributing employer has any right, title or interest in any sum payable by the employer to the Benefit Funds but not yet paid.  The trust agreements further provide that title to all monies payable to the Benefit Funds is vested in the Trustees.

35.     Accordingly, title to Extreme Electric's unpaid employee benefit contributions to the Benefit Funds is vested in the Trustees, and those unpaid employee benefit contributions are plan assets.

36.     Upon information and belief, the Officer Defendants directed monies in the possession of Extreme Electric to be used to pay Extreme Electric's business obligations, including salaries and other business expenses, rather than paying those monies to the Benefit Funds to satisfy Extreme Electric's employee benefit contribution obligations.

37.     In so doing, the Officer Defendants exercised discretion over plan assets titled to the Trustees and directed the use of those assets not in the best interests of the Benefit Funds' participants and beneficiaries, but in the best interests of Extreme Electric and the Officer Defendants.

38.     Accordingly, the Officer Defendants violated Section 404 of ERISA and are personally liable to the Benefit Funds under Section 409 of ERISA for all plan losses resulting from his breach.

WHEREFORE, Plaintiffs pray for judgment as follows:

A.     Declaring the Officer Defendants personally liable for all unpaid contributions owed by Extreme Electric, Inc. to the Benefit Funds to be determined after completion of the payroll audit, as provided by Section 502(g)(2)(A) of ERISA, 29 U.S.C. § 1132(g)(2)(A);

B.     Declaring the Officer Defendants personally liable to the Benefit Funds for all interest on all unpaid contributions owed by Extreme Electric, Inc., determined by the Benefit Funds' plan documents, trust agreements, and/or the Union's CBA, as provided by Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

C.     Declaring the Officer Defendants personally liable to the Benefit Funds in an amount equal to the greater of (i) the interest on the unpaid contributions, or (ii) liquidated damages determined by the Benefit Funds' plan documents, trust agreements, and/or the Union's CBA, not to exceed 20%, as provided by Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C);

D.     Declaring the Officer Defendants personally liable to the Benefit Funds for all of the Benefit Funds' reasonable attorney's fees and costs of this action, including auditor's fees and expenses, as provided by Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

E.     For such further appropriate relief as the Court may deem equitable.

-9-

MEYER, UNKOVIC & SCOTT LLP

By: *s/ Tony J. Thompson*
     Tony J. Thompson
     PA I.D. #204609
     *tjt@muslaw.com*
     Jason Mettley
     PA I.D. #81966
     *jm@muslaw.com*

     Henry W. Oliver Building
     535 Smithfield Street, Suite 1300
     Pittsburgh, PA 15222-2315
     (412) 456-2800
     (412) 456-2864/Fax

     ATTORNEYS FOR PLAINTIFFS BOARDS OF
     TRUSTEES OF THE WESTERN
     PENNSYLVANIA ELECTRICAL EMPLOYEES
     PENSION, INSURANCE TRUST, DEFERRED
     COMPENSATION AND WAGE & FRINGE
     FUNDS, AND THE NATIONAL ELECTRIC
     BENEFIT FUND